**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

In Re:

INELL W. EDNEY

_____,                    Case No. _____
                    Debtor(s).

## CHAPTER 13 PLAN

☒ Original     ☐ Amended

Date: _____12/3/2024_____

IF THIS IS AN AMENDED PLAN, the reason for filing the Amended Plan is _____

| Part 1: | Notices |
|---|---|

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose your plan's treatment of your claim or any provision of this plan, you MUST file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 3015.

Under 11 U.S.C. § 1325(b)(1)(B), if an unsecured creditor objects to this plan, the Bankruptcy Court may not approve this plan unless the plan provides that all of the Debtor's[1] projected disposable income will be applied to make payments to unsecured creditors under the plan. Absent an objection, distribution of payments under this plan will be made pursuant to the order of distribution set forth in Section 2.6 below. This distribution scheme may result in the secured and priority claims being paid prior to your unsecured claim. To avoid this result, you MUST file an objection.

**The following matters may be of particular importance.** Debtor must check one box on each line to state whether or not the plan includes any of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of secured claim, set out in Sections 3.2 and/or 3.3, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not included |
| 1.4 | Assumes and/or Rejects Unexpired Leases and Executory Contracts, set out in Part 6 | ☐ Included | ☒ Not included |

**Debtor is eligible for a discharge pursuant to 11 U.S.C. § 1328(f).** *Check One.*

☒ **Yes.**

☐ **No.** If this box is checked, the Debtor acknowledges that he/she is NOT eligible for a discharge because the Debtor received a discharge in a prior *(check one)*

  ☐ Chapter 7, 11 or 12 case filed within four years of the date of the filing of the petition in this case; or

  ☐ Chapter 13 case filed within two years of the date of the filing of the petition in this case.

---

[1] In a joint case, any reference to "Debtor" shall mean "Debtors."

(Local Form Plan 12-01-2020)

**To Domestic Support Obligation Claimants:** The Debtor will make payments for postpetition domestic support obligations, as that term is defined under 11 U.S.C. § 101(14A), commencing on the date of filing and continuing during the term of the plan. Pre-petition domestic support obligation arrears, if any, are addressed in Part 4. Below are the names of each individual entitled to receive domestic support obligation payments and the amount of such payments:

[X] None

| Name of Payee | Current Payment Amount |
|---|---|
|  | $          per         |

| Part 2: | Plan Payments, Length of Plan and Order of Distribution |
|---|---|

2.1    **Debtor will make regular payments to the chapter 13 trustee ("Trustee") as follows:**

$ 848.74        per Month      for 60        months;

2.2    **Regular payments to the Trustee will be made from future income in the following manner:** *Check all that apply.*

[ ] ~~Debtor will make payments pursuant to a payroll deduction order.~~

[X] Debtor will make payments directly to the Trustee.

[ ] Other (specify method of payment): _____

2.3    **Income tax returns and refunds.**

Debtor will provide the Trustee (1) with a copy of each income tax return filed during the plan term within 14 days of filing the return, and (2) will turn over to the Trustee all income tax refunds in excess of $1,500.00 received during the plan term. Debtor understands that failure to file tax returns during the term of the plan may constitute grounds for the dismissal or conversion of the case.

The trustee may allow the debtor to retain tax refunds in excess of $1,500 annually, based upon demonstrated reasonable and necessary expenses of the debtor or the debtor's dependents each year, without further notice or hearing. The Trustee's determination may reduce the total dollar amount paid to creditors holding unsecured claims but shall not reduce the required minimum amounts set forth in paragraph 5.1 of the plan. *To contest this procedure, you must object to confirmation of this plan.*

2.4    **Additional payments.** *Check one.*

[X] None.

[ ] Debtor will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, anticipated amount, and date of each anticipated payment:

_____

2.5    The total amount of estimated payments to the Trustee provided for in Sections 2.1, 2.3 and 2.4 is $ 50,924.47       .

2.6    **Order of Distribution of Plan Payments by the Trustee.** Subject to any alternate provision in Part 8, funds received by the Trustee for distribution to creditors under the plan, absent objection, shall be applied, after payment of applicable Trustee's fees, in the following order of distribution:

**First:** To pay any and all equal monthly payments required on allowed secured claims under Sections 3.2 and 3.3 and nonpriority unsecured claims under Section 5.2.
**Second:** To pay allowed administrative expenses, including attorney's fees under Section 4.3, *pro rata*, until paid in full.
**Third:** To pay allowed secured claims *pro rata* until paid in full under Section 3.1, 3.4 and 3.6.
**Fourth:** To pay allowed priority claims *pro rata* until paid in full under Sections 4.4 and 4.5.
**Fifth:** To pay allowed unsecured claims *pro rata* under Part 5.

However, in the event the Debtor will make ongoing mortgage or lease installment payments through the plan under Section 3.1 or 6.1, those payments shall be made prior to payment to any other creditor and after payment of applicable Trustee's fees.

| Part 3: | Treatment of Secured Claims |
|---|---|

3.1    **Maintenance of payments and cure of default, if any, for claims secured by real or personal property.** *Check one.*

☐ None.

☒ The Debtor will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee or directly by the Debtor, as specified below. Creditors being paid directly by the Debtor under the plan shall continue to send customary payment coupons, statements, and notices to the Debtor. Such actions by the creditor shall not constitute or form the basis for finding a violation of the automatic stay. Any existing arrearage on a listed claim will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claims filed before the filing deadline under Fed R. Bankr. P. 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below shall control. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Collateral | Current installment payment | Amount of arrearage | Interest rate on arrearage (if applicable) |
|---|---|---|---|---|
| Wells Fargo Home Mortgage | 6 Bogart Terrace, Albany, New York 12202 | $ 1,252.89<br>Disbursed by:<br>☐ Trustee<br>☒ Debtor | $ POC Controls | 0 % |
| Rushmore Servicing | 43 Hurlbut Street, Albany, New York 12209 | $ 1,163.99<br>Disbursed by:<br>☐ Trustee<br>☒ Debtor | $ POC Controls | 0 % |

*Insert additional claims as needed.*

3.2    **Request for valuation of security, payment of fully secured claims and modification of undersecured claims.** *Check one.*

☒ None.

**The remainder of this paragraph will be effective only if box 1.1 in Part 1 of this plan is checked "Included."**

The Debtor requests that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor states that the value of the secured claim should be paid as set forth below in the column headed *Amount of secured claim (net value)*. For claims of governmental units, the value of a secure claim listed in a proof of claim filed in accordance with the Fed. R. Bankr. P. 3002(c) controls over any contrary amount listed below unless otherwise ordered by the court. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. *If the collateral is the Debtor's principal residence and the Debtor seeks to void a wholly unsecured junior mortgage lien, a separate affidavit providing evidence of value of the property*

☐ *nd the amount of each senior lien against the property is to be filed and served upon the affected creditor. Upon confirmation of the plan, Debtor shall submit an order voiding the mortgage lien.*

*Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph. The holder of any claim listed below as having value in the column headed Amount of secured claim (net value) will retain the lien on the property interest of the Debtor or the estate until the earlier of:*

*(a) payment of the underlying debt determined under nonbankruptcy law, or*

*(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.*

| Name of creditor | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim (net value) | Interest rate | Equal monthly payment to creditor | Pre-confirmation adequate protection payment |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | % | $ | $ |

*Insert additional claims as needed.*

3.3    **Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☒ None.

**If the interest rate stated below is not the contract rate, the remainder of this paragraph will be effective only if box 1.1 in Part 1 of this plan is check "Included."**

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Fed. R. Bankr. P. 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below shall control.

| Name of creditor | Collateral | Amount of claim | Interest rate | Equal monthly payment to creditor | Pre-confirmation adequate protection payment |
|---|---|---|---|---|---|
| | | $ | % | $ | $ |

*Insert additional claims as needed.*

3.4    **Lien avoidance.** *Check one.*

☒ None.

**The remainder of this paragraph will be effective only if box 1.2 in Part 1 of this plan is checked "Included."**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the Debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon confirmation of the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See* 11 U.S.C. § 522(f) and Fed. Rule Bankr. P. 4003(d). If more than one lien is to be avoided, provide the

nformation separately for each lien. *A separate affidavit providing evidence of value of the property and the amount of each additional lien against the property is to be filed and served upon the affected creditor(s). Upon confirmation of the plan, Debtor shall submit an order avoiding the lien(s).*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** _____ **Collateral Description/Property Address** _____ | a. Amount of lien | $ _____ | **Amount of secured claim after avoidance** (line a minus line f) $ _____ |
| | b. Amount of all other liens | $ _____ | |
| | c. Value of claimed exemptions on Schedule C | +$ _____ | |
| | d. Total of adding lines a, b, and c | $ _____ | **Interest rate** (if applicable) _____ % |
| | e. Value of debtor(s)' interest in property | $ _____ | |
| **Lien identification** (such as judgement date, date of lien recording, book and page number) _____ **Collateral owned** ☐ solely ☐ jointly **Date collateral acquired** _____ | f. Subtract line e from line d **Extent of exemption impaired** *(Check applicable box)*: ☐ **Line f is equal to or greater than line a** The entire line is avoided. *(Do not complete the next column.)* ☐ **Line f is less than line a.** A portion of the lien is avoided *(Complete the next column.)* | $ _____ | |

*If more than one lien is to be avoided, insert additional table(s) to provide the information separately for each lien.*

3.5  **Surrender of collateral.** *Check one.*

☒ None.

☐ Debtor surrenders his or her interest in the following collateral in satisfaction of the secured portion of the creditor's allowed claim. Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the collateral. After the plan is confirmed, on request of a party in interest, the court shall promptly enter an order confirming that the stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated as to the collateral. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| | |

*Insert additional claims as needed.*

3.6  **Secured claims to be paid in full.** *Check one.*

☒ None.

☐ The claims listed below will be paid in full with interest at the rate stated. Unless otherwise ordered by the court, the amount listed on a proof of claim filed before the filing deadline under Fed. R. Bankr. P. 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amount stated below shall control.

| Name of creditor | Collateral | Amount of claim | Interest |
|---|---|---|---|
|  |  | $ | % |

*Insert additional claims as needed.*

### Part 4: Treatment of Fees and Priority Claims

**4.1    General**

Trustee's fees and all allowed priority claims under § 507, including domestic support obligations other than those treated in Section 4.5, will be paid in full based upon a creditor's timely filed proof of claim.

**4.2    Trustee's fees**

Trustee's fees are governed by statue and may change during the course of the case but will be no more than 10% of plan payments.

**4.3    Attorney's fee for services rendered in connection with this bankruptcy case.**

Debtor's attorney shall be paid $ 5,500.00 , of which $ 1,500.00 was paid pre-petition and $ 4,000.00 shall be paid as an allowed administrative claim as part of the plan.

**4.4    Priority claims other than attorney's fees and those treated in Section 4.5.** *Check one.*

☒ None.

☐ The creditors listed below hold priority claims other than attorney's fees and those treated in Section 4.5

| Name of creditor | Amount of claim | Basis for priority treatment |
|---|---|---|
|  | $ |  |

*Insert additional claims as needed.*

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*

☒ None.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in Section 2.1 be for a term of 60 months. *See* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
|  | $ |

*Insert additional claims as needed.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. The minimum amount to be paid to allowed nonpriority unsecured creditors under the plan shall be the greater of:

Liquidation:                                      $ 0.00

Disposable Income (Line 45 x 60 months):          $ 0.00

Percentage Repayment:                             0          %

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

[X] None.

[ ] The Debtor will maintain the current contractual installment payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the Trustee or directly by the Debtor, as specified below. Any existing arrearage amount will be paid in full through disbursements by the Trustee.

| Name of creditor | Current monthly installment payment | Amount of arrearage |
|---|---|---|
| | $ _____ <br> Disbursed by: <br> [ ] Trustee <br> [ ] Debtor | $ _____ |

*Insert additional claims as needed.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

[X] None

[ ] The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount of claim | Percentage of claim to be paid |
|---|---|---|---|
| | | $ _____ | _____ % |

*Insert additional claims as needed.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

[X] None.

**The remainder of this paragraph will be effective only if box 1.4 in Part 1 of this plan is checked "Included."**

[ ] Assumed items. Current installment payments will be disbursed either by the Trustee or directly by the Debtor, as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the Trustee.

| Name of Creditor | Description of leased property or executory contract | Treatment of lease or executory contract | Current installment payment for assumed obligation | Amount of arrearage to be disbursed by Trustee for assumed obligation |
|---|---|---|---|---|
| | | ☐ Assumed<br>☐ Rejected | $ _____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor | $ _____ |

*Insert additional claims as needed.*

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the Debtor upon completion of the plan.

### Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☒ None.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form Plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.*

**The following plan provisions will be effective only if box 1.3 in Part 1 of this plan is checked "Included."**

_____
_____
_____
_____
_____
_____

### Part 9: Signature(s):

**9.1** Signatures of Debtor and Debtor's Attorney

The Debtor and attorney for the Debtor, if any, must sign below.

| *[signature]*<br>Signature of Debtor 1 | Signature of Debtor 2 |
|---|---|
| Executed on 12/3/2024<br>MM/DD/YYYY | Executed on _____<br>MM/DD/YYYY |

| _____ | Date 12/3/2024 |
| Signature of Attorney for Debtor | MM/DD/YYYY |

**By filing this document, the Debtor, if not represented by an attorney, or the attorney for Debtor certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 8.**